UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

SAYED AHMAD,
                       Defendant.
_____

**REPORT, RECOMMENDATION AND ORDER**

20-CR-00089(LJV)(JJM)

        Defendant is charged, along with three co-defendants, in an Indictment alleging conspiracy to distribute marijuana, in violation of 21 U.S.C. §846.[1] It is undisputed that defendant's first name is misspelled in the Indictment. The correct spelling of his first name is "Syed". As a result of that error, before the court are defendant's motion to dismiss the Indictment [29], as well as the government's cross-motion to amend the Indictment to correct the misspelling [36], which have been referred to me by District Judge Vilardo for initial consideration [8]. Having reviewed the parties' submissions, the government's motion is granted, and I recommend that defendant's motion be denied.

**DISCUSSION**

        Defendant argues that Indictment as against him "should be dismissed due to misnomer". Walsh Declaration [29-1], ¶6. "Without amendment, the defendant, undoubtedly, is entitled to a dismissal of the indictment. An accused person has the right to have the record show his proper name." United States v. Campbell, 235 F. Supp. 94, 95 (E.D. Tenn. 1964). Therefore,

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

defendant's motion hinges on whether the government may amend the Indictment to correct the misspelling.

Defendant argues that "indictments cannot be amended or altered *in substance*". Walsh Declaration [29-1], ¶9 (emphasis added). However, the amendment here is not substantive. *See* Russell v. United States, 369 U.S. 749, 770 (1962) ("[a]n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form"). "[T]he district court . . . may make ministerial changes to the indictment, such as to correct a misnomer or typographical errors." United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001). In fact, defendant cites to United States v. Alcorta, 145 F. Supp.3d 357 (M.D. Pa. 2015) (Walsh Declaration [29-1], ¶16), which expressly recognized that a "misnomer or misspelling may be corrected without the grand jury's consent". Alcorta, 145 F. Supp.3d at 361.

Defendant also relies upon Fed. R. Crim. P. ("Rule") 7(b) to argue that "an Information may be amended, but not an Indictment". Walsh Declaration [29-1], ¶¶8, 10. However, Rule 7(b) addresses waiving indictment, not amending an indictment.

Defendant further points to the fact that he is currently serving a sentence pursuant to a December 2019 Judgment entered against him in the Central District of Illinois, which arises from the same 2017 arrest as the charges he is facing in this case. Walsh Declaration [29-1], ¶¶4-5. He contends that the misnomer could result in prejudice, since the December 2019 Judgment "involves conduct relevant to this proceeding". Id., ¶17. However, unless defendant is alleging that he is not the individual the grand jury sought to name in the Indictment (which he is not), I fail to see any prejudice.

Moreover, any prejudice from the misnomer will be remedied by the amendment. Defendant does not "argue that such an amendment would impair [his] substantive rights".

United States v. Canty, 971 F. Supp. 687, 689 (N.D.N.Y. 1997). The amendment also will "not affect the speedy trial timetable charged in the original Indictment, nor would it require a new arraignment based on the filing". United States v. Reed, 2018 WL 4233836, *7 (D. Minn.), adopted, 2018 WL 4232999 (D. Minn. 2018). Therefore, "in keeping with the modern view and broad legal consensus concerning misnomer", I conclude that Indictment may be amended to accurately set forth the spelling of defendant's first name. Canty, 971 F. Supp. at 690.

## CONCLUSION

For these reasons, the government's cross-motion to amend the Indictment [36] is granted, and I recommend that defendant's motion to dismiss the Indictment [29] be denied.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by September 8, 2020. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the

objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: August 25, 2020

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge