UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

 UNITED STATES OF AMERICA,


         v.
                                                    20-CR-89-V
 SAYED AHMAD,                                        ORDER

             Defendant.

_____


        The defendant, Sayed Ahmad, was charged in an indictment with conspiracy to

possess with intent to distribute, and conspiracy to distribute, at least 1000 kilograms of

marijuana, in violation of 21 U.S.C. § 846.  Docket Item 3.

        On August 16, 2020, Ahmad moved to dismiss the indictment because his first

name was spelled incorrectly.  Docket Item 29.  The government responded and cross-

moved to amend the indictment on August 21, 2020.  Docket Item 36.  On August 25,

2020, United States Magistrate Judge Jeremiah J. McCarthy issued a Report,

Recommendation and Order ("R,R&O"), recommending the denial of Ahmad's motion to

dismiss and granting the government's cross-motion to amend.     Docket Item 37.

Judge McCarthy found that the misnomer would easily and fairly be remedied by the

amendment, and he noted that Ahmad did not argue that an amendment would impair

his substantive rights.  *Id.* at 2.

        This Court has not received objections to the R,R&O under Title 28, United States

Code, Section 636(b)(1), and Rule 59(b) of the Federal Rules of Criminal Procedure,

and the time to object now has expired.  For that reason, the parties have waived their

right to have the R,R&O reviewed.  *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in

accordance with this rule waives a party's right to review.").  Nevertheless, in its discretion, this Court has carefully reviewed the R,R&O and the submissions to Judge McCarthy.  Docket Item 37.  Based on that review and the absence of any objection, this Court adopts the R,R&O in its entirety.

The flaw in the indictment was a simple misspelling—"Syed" was spelled "Sayed," Docket Item 37 at 1—and the government has moved to correct that error, Docket Item 36.  The Second Circuit has permitted such a correction where, as here, it does not alter the essential substance of the charging terms.  *See United States v. Miller*, 116 F.3d 641 (2d Cir. 1997); *United States v. Cirami*, 510 F.2d 69 (2d Cir. 1975).  Equally important, there is nothing in the record to suggest that the defendant is not the individual the grand jury named in the indictment.  Docket Item 37 at 2.

For those reasons and the reasons stated in the R,R&O, Ahmad's motion to dismiss is DENIED, and the government's motion to amend is GRANTED.  The government shall take the necessary steps to amend the caption and Count 1 to reflect the correct spelling of the defendant's name.


SO ORDERED.


Dated:      November 16, 2020
            Buffalo, New York



*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE


2