UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

SYED AHMAD,

        Defendant.

20-CR-89-V
ORDER

---

    A superseding indictment charged the defendant, Syed Ahmad, and three others with conspiracy to possess with intent to distribute, and conspiracy to distribute, at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (Count 1).  Docket Item 53.  On May 10, 2021, Ahmad moved, *inter alia*, to suppress evidence and to dismiss the conspiracy charge against him.  Docket Item 76.  The government responded on May 24, 2021, Docket Item 79; the defendant replied on May 31, 2021, Docket Item 84; and United States Magistrate Judge Jeremiah J. McCarthy heard oral argument on June 7, 2021, Docket Item 86.

    On June 23, 2021, Judge McCarthy issued a Report, Recommendation and Order ("R,R&O") addressing Ahmad's nondispositive motions, the motion to suppress evidence, and the motion to dismiss.  Docket Item 91.  On July 7, 2021, Ahmad objected only to that portion of the R,R&O recommending the denial of the motion to dismiss, Docket Item 97; the government responded on July 21, 2021, Docket Item 99; and Ahmad replied on July 28, 2021, Docket Item 100.  This Court heard oral argument on Ahmad's objection on August 6, 2021.  Docket Item 103.  At the conclusion of oral argument, the Court directed the government to supply defense counsel with a copy of

the defendant's 2019 plea agreement from the Central District of Illinois and requested supplemental submissions from the parties. *Id*. Those submissions have now been made. Docket Items 104 and 105.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The failure to object in accordance with Rule 59(b)(2) waives a party's right to review. *See* Fed. R. Crim. P. 59(b)(2) and Docket Item 91, at 12 (R,R&O providing notice of same).

This Court has carefully and thoroughly reviewed the RR&O, the objection, the response, the reply, the supplemental submissions, and the materials submitted to Judge McCarthy. Based on that review, including *de novo* review of the issue on which Ahmad objected, the Court accepts and adopts the R,R&O, including the recommendation to deny the defendant's motion to dismiss the charge against him—that is, Count 1 of the superseding indictment.

Ahmad argues that because he pleaded guilty to possessing marijuana with the intent to distribute that substance in the United States District Court for the Central District of Illinois in July 2019, the government cannot prosecute him for a conspiracy to distribute marijuana encompassing that date. But that argument fails both legally and logically.

As Judge McCarthy correctly noted, possessing a drug with intent to distribute it and conspiring to possess the drug "are not the same in law." Docket Item 91, at 2. Indeed, conspiracy offenses and substantive offenses encompassed by the conspiracy

are routinely charged in the same indictment.  The defendant has cited no case law prohibiting a conspiracy charge in one district after a substantive offense conviction encompassed by the conspiracy in another.  On the contrary, the case law suggests just the opposite.  *See, e.g., United States v. Felix*, 503 U.S. 378 (1992); *United States v. McGowen*, 58 F.3d 8 (2d Cir. 1995); *United States v. Nunez*, No. 00-CR-199S, 2011 WL 112260 (W.D.N.Y. Jan. 13, 2011).

And common sense leads to the same conclusion.  Suppose that on a trip visiting a friend, the defendant sells a small amount of cocaine to an acquaintance of that friend who turns out to be an undercover police officer.  The defendant is charged with and pleads guilty to that small offense and is placed on probation.  Back home, law enforcement knows that the defendant is actually a drug kingpin who heads a large-scale cocaine and heroin operation.  Are prosecutors in the defendant's home district precluded from charging the defendant with that conspiracy simply because his minor conviction in the other district is encompassed within the conspiracy?  Of course not.

Nor do the prior plea agreement and principles of contract law provide any support for Ahmad's argument.  As the government correctly notes in its supplemental briefing, that agreement was limited to the Central District of Illinois and explicitly noted that no other federal or state prosecutor was or is bound by it.  Docket Item 106, at 2-3.  And the agreement addressed only Ahmad's possession of drugs in Illinois and explicitly noted that no promises other than those in the written agreement were made to Ahmad.  *Id*. at 18.  So the prior agreement did not release Ahmad for the conspiracy charged here.

In sum, Ahmad was convicted of possessing discrete drugs in Illinois on a discrete date in December 2017 with the intent to distribute those drugs. That conviction does not preclude his being charged with a broader conspiracy—covering a long period of time, inclusive of December 2017, and many locations other than Illinois. This Court therefore accepts Judge McCarthy's recommendation, and for the reasons stated above and in the RR&O, Ahmad's motion to dismiss is DENIED.

SO ORDERED.

Dated: September 7, 2021
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE